UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARLON DAMIAN WHITE,                     *
                                         *
        Petitioner,                      *
                                         *
        v.                               *        Civil Action No. 1:26-cv-12615-IT
                                         *
ANTONE MONIZ, Superintendent, Plymouth   *
Correctional Facility, et al.,           *
                                         *
        Respondents.                     *

MEMORANDUM & ORDER

July 10, 2026

TALWANI, D.J.

Petitioner Marlon Damian White, a Jamaican national, was admitted to the United States in 1995 as a lawful permanent resident ("LPR"). Sullivan Decl. ¶ 7 [Doc. No. 9-1]. Petitioner's LPR status was revoked and removal proceedings initiated in 2006, after Petitioner was convicted of an aggravated felony. Id. ¶ 8. Petitioner was removed from the United States to Jamaica in February 2006, pursuant to a final order of removal. Id. ¶¶ 9–10. Thereafter, at an unknown time, Petitioner re-entered the United States and was arrested on April 10, 2026, by Immigration and Customs Enforcement ("ICE") agents at the Wyatt Detention Facility in Central Falls, Rhode Island. Id. ¶ 12.

On June 9, 2026, Petitioner, proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241 [Doc. No. 1], asserting that his detention violates his Fifth Amendment right to due process. Id. at ECF 6. Petitioner also states that he currently has pending an application for a U-visa, a form of temporary legal status available to noncitizens who are victims of certain crimes. Id. Respondents assert that Petitioner is mandatorily detained

1

pursuant to 8 U.S.C. § 1231 and deny that Petitioner has in fact filed an application for a U-visa. Resp. 3 n.1, 4–5 [Doc. No. 9].

The Immigration and Nationality Act ("INA") requires the Department of Homeland Security ("DHS") to detain a noncitizen ordered removed for a period of 90 days, referred to as the "removal period." 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). Additionally, under the INA,

> [i]f [DHS] finds that an [noncitizen] has reentered the United States illegally after having been removed . . ., under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the [noncitizen] is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5); see Johnson v. Guzman Chavez, 594 U.S. 523, 526 (2021) (8 U.S.C. § 1231 governs the detention of noncitizens subject to final orders of removal, including reinstated final orders of removal).

The INA mandates Petitioner's detention because he illegally re-entered the country after he was removed in 2006 pursuant to a final order and he now has a reinstated final order of removal. See 8 U.S.C. § 1231; Sullivan Decl. ¶¶ 9–10 [Doc. No. 9-1]; Supp. Resp. Ex. 1 [Doc. No. 10-1]. Because Petitioner was detained on April 10, 2026, detention remains mandatory during the 90-day removal period. 8 U.S.C. §§ 1231(a)(1)(A), 1231(a)(2)(A). While Petitioner asserts that his detention violates his due process rights, he has made no showing that his removal is not likely in the reasonably foreseeable future. See Zadvydas v. Davis, 533 U.S. 678, 683 (2001). Further, given the limited nature of habeas jurisdiction, the court may only determine whether Petitioner's detention is lawful. Trump v. J.G.G., 604 U.S. 670, 672 (2025) (per curiam). Petitioner has provided no authority for his assertion that the court may consider forms of immigration relief available to Petitioner, such as a U-visa, as relevant to its narrow inquiry. Where the INA mandates Petitioner's detention pursuant to 8 U.S.C. § 1231 and

Petitioner has provided no other basis to contest the lawfulness of his detention, the <u>Petition for a Writ of Habeas Corpus under 28 U.S.C. §§ 2241</u> [Doc. No. 1] is DENIED.

IT IS SO ORDERED.

July 10, 2026                                              /s/ Indira Talwani
                                                          United States District Judge

3